# 768

No. 12082.  MARCH 14, 1938.  REHEARING DENIED MARCH 25, 1938.

*Tolnas & Middlebrooks* and *Burress & Dillard,* for plaintiff.

*J. Wilson Parker* and *A. C. Carson,* for defendants.

ATKINSON, Presiding Justice.  Howell brought suit upon a money demand against Mrs. Ledbetter.  The defendant shortly afterwards executed a warranty deed purporting, in consideration of $1000, to convey described realty to her married daughter, Mrs. Cohen.  The deed was duly recorded.  The grantor remained in possession of the land.  After this transaction, Howell obtained judgment on September 28, 1921, in his suit for a stated amount, on which execution was duly issued and entered on the general execution docket.  The execution was never levied, but was kept in life in virtue of several appropriate entries of nulla bona that were also entered on the execution docket.  Mrs. Cohen, on April 10, 1923, executed to Parrott a promissory note due one year after date for $495, and a warranty deed purporting to convey the land.  The deed was duly recorded.  On February 16, 1924, Parrott indorsed the note in blank, and delivered it to the Farmers Bank with a warranty deed executed by Parrott to that institution.  Both of the next above deeds were duly recorded, and were alleged by the bank to have been intended in fact as security for the note.  On April 22, 1935, Mrs. Cohen, having been divorced and acquired the name of Margaret H. Sewell, executed to the bank a note for a sum less than expressed in the note indorsed by Parrott, stating: "This note is for the same consideration described in a certain warranty deed executed and delivered by the undersigned on the 10th day of April, 1923, to C. C. Parrott, . . and we, . . covenant and agree that the said warranty deed as originally executed shall be and remain in full force, . . and that this note shall be secured by said conveyance."  This note was the last of a series of renewals of the note made to Parrott on April 10, 1923.  Parrott was not a party to this renewal note.  Before the execution of the paper, Howell, having ascertained from the answer of Mrs. Cohen in the divorce suit an allegation that she did not own any

property, instituted on April 30, 1935, an action against Mrs. Ledbetter and her daughter to cancel the deed between them, and for appointment of a receiver for the property, the alleged ground of complaint being that the deed was without consideration and merely a scheme to avoid payment of debt. A decree for cancellation and appointment of a receiver was rendered in this action on April 28, 1936, to which there was no exception.'

On October 13, 1936, the bank instituted suit against Parrott and Sewell on the notes hereinabove mentioned, and to foreclose the security deed, and have the judgment declared a special lien upon the land. Howell filed a motion to consolidate the two suits. This motion was granted on November 30, 1936, the order specifying that the lien of the bank, if any, be transferred to the funds arising from the receiver's sale, and directing the receiver to proceed with sale of the property. Howell filed an answer to the petition of the bank, in which he set up his claim of priority, and later elaborated his grounds of complaint in an amendment. In the answer as amended it was alleged that the deed by Mrs. Ledbetter to her daughter was void for all the reasons hereinabove mentioned, and that neither Parrott nor the bank was a bona fide purchaser of the property without notice of the alleged fraud between the mother and daughter. The bank filed a general demurrer to the answer, which, on February 16, 1937, was sustained, the court holding that on general equitable principles the cross-demand was stale. Howell excepted pendente lite. After the answer was stricken, a decree was rendered in the consolidated case, March 2, 1937, in favor of the bank against Sewell and Parrott for the amount of its demand, declaring the judgment a first and special lien on the land to follow the fund derived from sale of the land by the receiver. To this decree Howell excepted pendente lite. The property was finally sold for $730, and the sale was confirmed by the court on April 16, 1937. The receiver made his final report, which showed that the proceeds of sale were being claimed by Howell and the Farmers Bank adversely to each other; and he prayed for an order providing for distribution of the fund. The bank and Howell filed answers, setting up their respective claims of priority. The attorneys for Howell also set up their claim of fees for bringing the fund into court. On July 1, 1937, an order of distribution was granted, as follows: "The

Farmers Bank shall be paid the sum of $400 in full settlement of its claim. The receiver shall be paid the sum of $140 in full settlement of his fee, and the sum of $34.55 as reimbursement of the expenses itemized in his report filed on May 24, 1937. The receiver shall pay the clerk of Fulton superior court the sum of $71.05 as costs of the two consolidated cases. The receiver shall pay to E. M. Howell or his attorneys of record the sum of $16 as cost of advertising notice of the first sale of the property, paid by him. The receiver shall pay to Burress & Dillard and Tolnas & Middlebrooks, the sum of $68.40, as fee for filing the original suit No. 106799, securing appointment of the receiver and bringing the fund into court." Howell excepted to this order, assigning error also on the rulings excepted to pendente lite.

1. In this case the contest is over a fund derived from sale of realty by a receiver. The property had been conveyed by Mrs. Ledbetter to her daughter after filing of suit, but before the common-law judgment was obtained against her by Howell in 1921. Another judgment was obtained by Howell on April 28, 1936, against Mrs. Ledbetter and her daughter, declaring the conveyance void. No question is raised as to the validity of either of these judgments as between the parties mentioned; and consequently both judgments are deemed conclusive as between them.

2. Howell's common-law judgment was followed by execution duly issued thereon, and appropriate entries of nulla bona on the execution, each within seven years, which also were entered on the execution docket. In these circumstances the common-law judgment was a lien from its date on all property owned by Mrs. Ledbetter or thereafter acquired.

3. After the common-law judgment but before the judgment setting aside the conveyance from mother to daughter, the daughter, on April 10, 1923, conveyed the land to Parrott as security for a note. On February 16, 1924, Parrott indorsed the note, and executed to the Farmers Bank a deed purporting to convey the land as security for a debt. The bank obtained judgment against the daughter and Parrott on March 2, 1937, and on the basis thereof asserted a claim of priority to the fund in question over the common-law judgment of Howell. In his answer to such claim Howell set up his two above-mentioned judgments, and denied that either Parrott or the bank was a bona fide purchaser of

the land without notice of the fraudulent conveyance from mother to daughter. *Held:* (*a*) Notwithstanding that neither Parrott nor the bank was a party to the suit to set aside the deed from mother to daughter, and the judgment in that case did not bind them if either of them was a bona fide purchaser without notice of the fraudulent character of the deed, the conveyance to the bank would be inferior to the lien of the senior common-law judgment obtained by Howell against Mrs. Ledbetter, if they were not such bona fide purchasers for value. (*b*) The answer by Howell, as amended, alleging the case substantially as above stated, did not show an equitable bar under the doctrine of stale demands. (*c*) The judge erred in dismissing the answer, which judgment was duly excepted to. The error in dismissing the answer entered into the final decree awarding priority to the bank in distribution of the fund, and rendered all further proceedings nugatory.

*Judgment reversed. All the Justices concur.*